Signed and Filed: October 12, 2012

THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-30578 TEC |
| TODD A. TATE, | Chapter 7 |
| Debtor. | |

**MEMORANDUM DECISION RE CHRISTOPHER BUTTNER'S AMENDED COMPLAINT**

On June 6, 2011, the court entered an order: (1) dismissing the informal adversary complaint filed by Christopher Buttner (Buttner) in the above-captioned case; and (2) requiring Buttner to file and serve an amended complaint on or before July 1, 2011 (the "June 6th Order").

On July 7, 2011, Buttner mailed directly to the court a letter titled "Amended Complaint" along with copies of 17 exhibits (collectively, the "Amended Complaint"). Buttner did not file the Amended Complaint with the Clerk of the Court, and Buttner did not file a certificate of service specifying the date (if any) that Debtor was served with a copy of the Amended Complaint.

The Amended Complaint does not state a claim for relief under 11 U.S.C. § 523(a)(2) for fraud, because the complaint fails to allege: (1) a misrepresentation, a fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or

MEMORANDUM DECISION RE CHRISTOPHER
BUTTNER'S AMENDED COMPLAINT

-1-

deceptiveness of debtor's statement or conduct; (3) intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir. 2001).

The Amended Complaint does not state a claim for relief under 11 U.S.C. § 523(a)(6) for willful and malicious injury (defamation), because the complaint fails to allege that Debtor subjectively intended to injure Buttner, or subjectively believed that harm was substantially certain to occur, see Carillo v. Su (In re Su), 290 F.3d 1140, 1143-45 (9th Cir. 2002), and because the complaint fails to allege that Debtor published the defamatory statement with the requisite "malice," see Roberts v. Goidel (In re Goidel), 150 B.R. 885, 888 (Bankr. S.D.N.Y. 1993) (plaintiff must establish that debtor knew the statement was false when it was made; reckless disregard for truth or falsity of the statement does not meet the standard for willful and malicious injury within the meaning of section 523(a)(6)).

Upon due consideration, because Buttner did not timely file and serve the Amended Complaint pursuant to the June 6th Order, and because the Amended Complaint does not state a claim for relief under section 523(a)(2) or (a)(6), and because Buttner was previously granted leave to file an amended complaint, the court hereby resolves the matter as follows:

(1) The Amended Complaint is dismissed without leave to amend.

(2) The Clerk of the Court shall promptly enter Debtor's discharge and close the case.

**\*\*END OF MEMORANDUM DECISION\*\***

MEMORANDUM DECISION RE CHRISTOPHER
BUTTNER'S AMENDED COMPLAINT
-2-
Case: 11-30578    Doc# 16    Filed: 10/12/12    Entered: 10/15/12 14:52:41    Page 2 of 3

## Court Service List

Christopher Buttner
17 Greenwood Cove Drive
Tiburon, CA 94920